UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 2:13-cr-00263 |
| VERSUS | JUDGE MINALDI |
| TODD ALLEN BOOTH | |

MEMORANDUM IN SUPPORT

WHEREFORE, defendant-movant TODD ALLEN BOOTH, without opposition from the United States of America, respectfully prays that this Court vacate Mr. Booth's sentence, order a pre-sentencing investigation report be completed, and a hearing be set in order to re-sentence Mr. Booth.

1.

On July 17, 2014, after Mr. Booth pled guilty to one count in violation of 18 U.S.C.§ 922(g)(1) and a violation of 924(d)(1), Mr. Booth was sentenced to 180 months imprisonment as an armed career criminal.  Doc. 34. Mr. Booth was subject to the fifteen-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA") based on the following prior convictions: two counts of Burglary of Habitation under Texas law and two counts of Simple Burglary under Louisiana law. PSR ¶¶ 41, 42, 43, 44.

2.

Mr. Booth has been in federal custody since October 21, 2013. PSR, pg. 1. According to the BOP web site, his release date is March 28, 2026. Mr.  Booth has now been incarcerated for 3 years and two months.

3.

On June 29, 2016, The Fifth Circuit Court of Appeals entered a judgment authorizing Mr. Booth to file a successive 28 U.S.C. §2255 motion with the District Court seeking relief under *Johnson v. United States*[1]. Doc. 53. Both the Office of the Federal Public Defender and the attorney's for the Government agree that after the United States Supreme Court's decision in *Johnson*, Mr. Booth is no longer an armed career criminal. Mr. Booth is no longer subject to the armed career criminal enhancement because his prior convictions for the Louisiana crime of Simple Burglary, at least two of which are necessary for there to be three predicate prior convictions required for him to be considered an armed career criminal, do not qualify as "violent felonies" for purposes of the Armed Career Criminal Act.

4.

The Supreme Court's decisions in *Taylor v. United States*[2], *et al.*, make clear that the Louisiana Simple Burglary statute is broader than generic burglary and, thus, cannot be considered a violent crime under the "enumerated clause" pursuant to 18 U.S.C. §924(e)(2)(B)(ii). Since the Louisiana Simple Burglary statute does not qualify as a "violent felony" under the enumerated clause, the residual or "default" clause of the Armed Career Criminal Act would have provided the only avenue for Louisiana Simple Burglary to serve as a predicate offense under the ACCA. After the Supreme Court struck down the residual clause in *Johnson v. United States*[3], Mr. Booth can no longer be subject to the Armed Career Criminal penalties and his enhanced sentence under the Armed Career Criminal Act cannot stand.

---

[1] 131 S. Ct. 2267 (2015).

[2] 495 U.S. 575 (1990).

[3] 131 S. Ct. 2267 (2015).

5.

The Government has been contacted regarding this case and does not oppose this Court granting Mr. Booth's § 2255 petition and this Court ordering a re-sentencing.

6.

WHEREFORE, defendant-movant Todd Booth, without opposition from the United States of America, respectfully prays that this Court vacate Mr. Booth's sentence, order that a pre-sentencing investigation be conducted, and order a hearing be set to re-sentence Mr. Booth.

**RESPECTFULLY SUBMITTED,**

/s/ Rebecca L. Hudsmith
REBECCA L. HUDSMITH, La. Bar No. 7052
Office of the Federal Public Defender
Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, Louisiana 70501
Telephone: 337-262-6336;
Facsimile: 337-262-6605

**ATTORNEY FOR DEFENDANT-MOVANT**

# CERTIFICATE OF SERVICE

I hereby certify that one copy of the above and foregoing has this day been served by the court's electronic filing system.  I have also sent a separate copy by e-mail to: Camille Domingue, Assistant United States Attorney, on this 11th   day of January, 2017.

    /s/ Rebecca L. Hudsmith
REBECCA L. HUDSMITH, La. Bar No. 7052
Office of the Federal Public Defender
Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, Louisiana 70501
Telephone: 337-262-6336; Facsimile: 337-262-6605

**ATTORNEY FOR DEFENDANT-MOVANT**